FILED
2018 Aug-06 PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **BRUCE LEVAN JEMISON,** ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | **Case Numbers:** |
| vs. ) | **1:16-cv-8139-CLS** |
| ) | **1:07-cr-287-CLS-SGC** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This action is before the court on the motion to vacate, set aside, or correct sentence filed by Bruce Levan Jemison pursuant to 28 U.S.C. § 2255.[1]

Jemison was sentenced by this court on February 5, 2008, to imprisonment for a term of 180 months following his conviction on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[2] A violation of that statute generally is punishable by a maximum sentence of ten years imprisonment. *See* 18 U.S.C. § 924(a)(2). Here, however, Jemison's sentence was enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), which provides, in pertinent part, that:

---

[1] *See* doc. no. 1 in the present case: *i.e.*, No. 1:16-cv-8139-CLS.

[2] *See* doc. no. 27 in case no. 1:07-cr-287-CLS-SGC (Judgment in a Criminal Case (For Offenses Committed On or After November 1, 1987)).

> In the case of a person who violates section 922(g) of this title and has *three previous convictions by any court referred to in section 922(g)(1) of this title for* a violent felony or *a serious drug offense*, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned *not less than fifteen years*, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis supplied). On the date of sentencing by this court, Jemison had three previous convictions for "serious drug offenses": *i.e.,* (1) unlawful distribution of a controlled substance in Talledega County Circuit Court in 1988; (2) a second conviction for unlawful distribution of a controlled substance in Talledega County Circuit Court in 1988; and, (3) possession of marijuana in Clay County Circuit Court in 1995.[3]

The Eleventh Circuit affirmed Jemison's conviction and this court's sentence in an opinion entered on September 12, 2008.[4] The Circuit's opinion was issued as the mandate of the Court on October 14, 2008.[5]

No further proceedings occurred in Jemison's criminal case until on or about June 13, 2016, when he filed a *pro se* motion requesting this court

---

[3] *See* doc. no. 25 in case no. 1:07-cr-0287-CLS-SGC (Presentence Investigation Report), at 9-11.

[4] *See* doc. no. 40 in case no. 1:07-cr-00287-CLS-SGC, at 3 *et seq*. (Eleventh Circuit's Judgment and a Copy of the Court's *Per Curiam* Opinion).

[5] *Id*. at 2 (Certification of the Clerk of the Eleventh Circuit Court of Appeals).

2

to appoint counsel to review his case, records and files and to file the apperperiate [sic] Motion and argument under the recent [decision in] Johnson vs United States, [576 U.S. ___, 135 S. Ct. 2551 (2015),] in which the US Supreme Court has made a substantial ruling of Constitutional Law that the ACCA § 924(e) is unconstitutional.

Petitioner in the above entitled case number was sentenced as a ACCA offender in which his sentence was enhanced to 180 months.

Doc. no. 43 in case no. 1:07-cr-00287-CLS-SGC ("Motion to Appoint Counsel to Review Petitioner's Case and Records for the Johnson v. United States ACCA Residual Clause") (alterations supplied).

In accordance with the usual practices of this court at that time, Jemison's motion was assigned to one of this court's Magistrate Judges for review,[6] and that judge entered the following Order on June 15, 2016:

On June 13, 2016, the defendant filed a motion to appoint counsel in the above-styled cause. (Doc. 43). Pursuant to the Standing Order of September 14, 2015, the court refers this case to the Office of the Federal Public Defender for the Northern District of Alabama to determine whether he *may qualify* for federal habeas relief in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The court DIRECTS the Clerk to send a copy of this order to the Federal Public Defender and the defendant.

---

[6] *See* text order entered in case no. 1:07-cr-00287-CLS-SGC on June 13, 2016 ("Case as to Bruce Levan Jemison Reassigned to Judge Magistrate Judge Staci G Cornelius. Judge Magistrate Judge Paul W Greene no longer assigned to the case. (SMH2, )").

Doc. no. 44 in case no. 1:07-cr-00287-CLS-SGC (Order) (emphasis added).[7]

Following review of Jemison's file, the Public Defender filed the following motion on June 16, 2016:

> COMES NOW KEVIN L. BUTLER, Federal Public Defender for the Northern District of Alabama, and respectfully moves the Court to withdraw from representation of Mr. Jemison. In support, Mr. Butler states:
>
> 1. This Court appointed the Federal Defender to represent Mr. Jemison in order to determine whether he may qualify for federal habeas relief in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 44).
>
> 2. The policy of the Federal Defender is to make every effort to avoid withdrawing from representation in cases where the Federal Defender's representation is plenary. In this case, the Court has appointed the Federal Defender *for the limited purpose of determining whether Mr. Jemison is entitled to relief in light of* Johnson.
>
> 3. Upon review of Mr. Jemison's case, the Federal Defender cannot advance an argument that he is entitled to relief in light of *Johnson* and leaves to the Court's discretion a determination of whether he is entitled to relief under *Johnson*. The Federal Defender has not considered and expresses no opinion about whether Mr. Jemison may have other claims.
>
> 4. An attorney from the Federal Public Defender's Office will inform Mr. Jemison of this motion.
>
> WHEREFORE, Kevin L. Butler, Federal Public Defender for the Northern District of Alabama, respectfully moves the Court to withdraw from representation of Mr. Jemison. The Federal Public Defender's Office also respectfully requests that if this motion is granted, Mr.

---

[7] *See also* doc. no. 3 in case no. 1:16-cv-8139-CLS (a copy of the same Order).

> Jemison be afforded an opportunity to raise any additional arguments or points that he believes the Court should consider.

Doc. no. 45 in case no. 1:07-cr-00287-CLS-SGC (Motion to Withdraw), at 1-2 (emphasis added to ¶ 2).[8] The Magistrate Judge entered a text order granting that motion on the same date, June 16, 2016.[9]

On or about the same date that Jemison filed his *pro se* motion requesting this court "to appoint counsel to review his case, records and files" for the purpose of determining whether he might qualify for federal *habeas* relief in light of the Supreme Court's opinion in *Johnson*, *supra*, he also requested leave from the Eleventh Circuit Court of Appeals to file a "second or successive motion to vacate, set aside, or correct" this court's February 5, 2008 sentence. The problem with that pleading lay in the fact that Jemison had not previously filed any motions under 28 U.S.C. § 2255.[10] Accordingly, the Eleventh Circuit denied his application as "unnecessary" on July 29, 2016, saying:

---

[8] *See also* doc. no. 4 in case no. 1:16-cv-8139-CLS (a copy of the same Motion).

[9] *See* doc. no. 46 in case no. 1:07-cr-00287-CLS-SGC ("TEXT ORDER granting 45 Motion to Withdraw as Attorney. The Office of the Federal Public Defenders is RELIEVED of further representation of defendant Bruce Levan Jemison in this matter."). *Cf.* doc. no. 5 in case no. 1:16-cv-8139-CLS.

[10] In substance, 28 U.S.C. § 2255 provides that: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

> Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Bruce Jemison has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. He has attached a proposed § 2255 motion to his application.
>
> As an initial matter, we must determine whether Jemison's proposed § 2255 motion would be second or successive. A review of district court records indicates that Jemison has never filed a § 2255 motion in the district court. Accordingly, his proposed § 2255 motion is not second or successive within the meaning of § 2255(h). His application for leave to file a second or successive §2255 motion is therefore DENIED AS UNNECESSARY. The proposed § 2255 motion that Jemison has attached to his application for leave to file a second or successive § 2255 motion is hereby TRANSFERRED to the district court. *See In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000); *see also* 28 U.S.C. §§ 1631 & 2255(a).

Doc. no. 47 in case no. 1:07-cr-00287-CLS-SGC.[11]

Following remand from the Eleventh Circuit, the "proposed § 2255 motion that Jemison ha[d] attached to his application for leave to file a second or successive § 2255 motion" was docketed in this Court on July 29, 2016, as a new case (*i.e.*, Civil Action No. CV-16-8139-CLS). Initially, this court directed the Federal Public Defender to *reevaluate* whether, in light of the Supreme Court's opinion in *Johnson*, *supra*, petitioner might qualify for *habeas* relief under § 2255, and to file an appropriate

---

[11] *See also* doc. no. 1 in case no. 1:16-cv-8139-CLS, at ECF 1-2 (same).

response.[12] The Public Defender responded on September 28, 2016, and reiterated that that he could not, in good faith,

> advance an argument that [Jemison was] entitled to relief in light of *Johnson* and leaves to the Court's discretion a determination of whether he is entitled to relief under *Johnson*. The Federal Defender has not considered and expresses no opinion about whether Mr. Jemison may have other claims.

Doc. no. 45 in case no. 1:16-cv-8139-CLS (Motion to Withdraw), ¶ 3, at 1-2 (alteration supplied). And there proceedings lay for nearly two years, until June 29, 2018, when this court entered orders granting the Federal Public Defender's foregoing motion to withdraw as counsel,[13] and, requiring the United States to appear within thirty days, and to file an answer in accordance with Rule 5 of the Rules Governing Section 2255 Proceedings.[14] The delay is inexplicable and, except for the reasons discussed hereafter, would not be excusable.

## DISCUSSION

Jemison's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his February 5, 2008 sentence asserts: that his previous state-court convictions should not have been considered "serious drug offenses" under the ACCA; that he was unlawfully

---

[12] *See* doc. no. 3 in case no. 1:16-cv-8139-CLS (Order).

[13] *See* doc. no. 5 in in case no. 1:16-cv-8139-CLS.

[14] *See* doc. no. 6 in case no. 1:16-cv-8139-CLS (Order). The United States failed to comply with that order. Even so, the court concludes for the reasons stated in the remainder of this memorandum opinion that Mr. Jemison is not entitled to the relief he seeks.

7

subjected to double jeopardy; and, that this court lacked jurisdiction to consider his criminal charges.

A § 2255 motion must be filed within one year of the latest of the following occurrences:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Jemison's conviction and sentence became final no later than October 14, 2008, the date upon which the Eleventh Circuit's September 12, 2008 opinion affirming Jemison's conviction and this court's sentence was issued as the mandate of the Court.[15] That was nearly eight years before the date in June 2016 when Jemison mistakenly filed an application in the Eleventh Circuit Court of Appeals, seeking

---

[15] *See supra* notes 4 and 5 and accompanying text.

permission to file a "second or successive motion to vacate, set aside, or correct" this court's sentence.

Even so, the important dates are June 26, 2015 (the date on which the Supreme Court rendered its opinion in *Johnson*, *supra*), and, the date in June 2016 on which Jemison mistakenly filed his application with the Eleventh Circuit Court of Appeals. The temporal gap between those dates is less than one year and, thus, Jemison's motion would be timely if, but only if, the right asserted by him in his present § 2255 motion was initially recognized by the Supreme Court in *Johnson*, *supra*, and that newly recognized right was made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3).

It is well-established that the Supreme Court's 2015 decision in *Johnson* announced a new rule that is retroactive to cases on collateral review, thereby allowing potential § 2255 movants one year from the date of that decision to assert their arguments. *See*, *e.g.*, *Beeman v. United States,* 871 F.3d 1215, 1219 (11th Cir. 2017). Unfortunately for Jemison, however, he did not file a *Johnson* claim.

Even though Jemison's motion *mentions* the *Johnson* decision, it does not seek the type of relief that was newly recognized by *Johnson*. That decision held that the so-called "residual clause" of the ACCA's definition of the term "violent felony" was unconstitutionally vague. *See Johnson,* 135 S. Ct. at 2563. The *Johnson* decision did

not address the use of "serious drug offenses" to enhance a sentence under the ACCA, or any of the other arguments asserted by Jemison in his § 2255 motion.

Thus, because Jemison's present motion does not assert a claim based upon the right that was newly recognized by the Supreme Court's opinion in *Johnson*, *supra*, the motion is due to be denied. An appropriate final judgment will be entered contemporaneously herewith.

**DONE** and **ORDERED** this 6th day of August, 2018.

_____
United States District Judge